JOHN S. PROUTY, Respondent, *v.* THE LAKE SHORE AND MICHI-GAN SOUTHERN RAILROAD COMPANY, Impleaded, etc., Appellant.

Where, after the commencement of an action, a third party becomes interested in the litigation by assuming the liabilities of the defendant in respect to the claim plaintiff is seeking to enforce, it is proper to allow a supplemental complaint bringing in such third party as a co-defendant.

Where, therefore, after the commencement of an action against a railroad company upon a contract, it appeared that it and other companies were merged in a new company, the latter having assumed all of the contracts, liabilities and obligations of the original companies, *held*, that an order allowing defendant to file a supplemental complaint bringing in the new company as defendant was properly granted.

*Milner* v. *Milner* (2 Edw. Ch. 114), *Buchanan* v. *Comstock* (57 Barb. 583), *Tiffany* v. *Bowerman* (2 Hun, 643), *Wattson* v. *Thibou* (17 Abb. Pr. 184), *Pinch* v. *Anthony* (10 Allen, 470), distinguished.

(Argued April 26, 1881; decided May 10, 1881.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made April 7, 1880, affirming a judgment in favor of plaintiff, entered upon the report of a referee.

This action was originally brought against the Michigan Southern and Northern Indiana Railroad Company and its directors to recover dividends alleged to be in arrear upon certain preferred guaranteed stock issued by that company, and to compel that company and its directors to declare and pay such dividends.

Upon papers showing that after the commencement of the action the said company was with various other companies merged and consolidated into the Lake Shore and Michigan

Southern Railway Company, and that, by the statutes under which the consolidation was effected, the new corporation assumed all of the contracts, liabilities and obligations of the consolidated companies, and that they had ceased to exist as corporations, an order was granted allowing plaintiff to file a supplemental complaint bringing in said new corporation "as a party co-defendant in the action." In pursuance of said order a supplemental complaint was filed, setting forth the consolidation, and, with summons, was served on the party so brought in.

*James Matthews* and *Edward S. Rapallo* for appellant. The court erred in making the order allowing a supplemental complaint and bringing in the appellant as a party co-defendant. (52 N. Y. 363; *Milner* v. *Milner,* 2 Edw. Ch. 141; *Pinch* v. *Anthony,* 10 Allen [92 Mass.], 477; 2 Daniel's Ch. Pr. 1515 [4th ed.]; *Watson* v. *Thibou,* 17 Abb. Pr. 184; 2 Edw. Ch. 114; 1 Hoffm. Ch. Pr. 396; *Tiffany* v. *Bowerman,* 2 Hun, 643; *Buchanan* v. *Comstock,* 57 Barb. 383; 2 Wait's Pr. 470; 2 Barb. Ch. Pr. [2d ed.] 74; 3 Paige's Ch. 204.) The reversal of the order for judgment and judgment against the appellant is a bar to any future recovery in this action. (Freeman on Judgments, §§ 174, 175–6, 181.) A new party, representing the interest of a former party, who comes before the court by a supplemental bill, stands exactly in the same plight and condition as the former party and is bound by his acts. (2 Daniel's Ch. Pl. and Pr. 1534 [2d ed.]; Freeman on Judgments, under head of Privies, 168 *et seq.;* 2 Barb. Ch. Pr. [2d ed.] 74; 3 Paige's Ch. 204.)

*Lucien Birdseye* for respondent. There was no error in the refusal to strike out the whole of the supplemental summons and complaint. (64 N. Y. 641; *Prouty* v. *L. S. & M. S. R. Co.,* 52 id. 363; *Prouty* v. *M. S. & N. I. R. R. Co.,* 1 Hun, 655–658; *Shields* v. *Ohio,* 5 Otto, 319; *Clearwater* v. *Meredith,* 1 Wall. 25; *McMahan* v. *Morrison,* 16 Ind. 172; *State of Ohio* v. *Sherman,* 22 Ohio St. 411; *Shields* v. *The State of Ohio,* 26 id. 86; *Platt* v. *N. Y. & B. R. R. Co.,* 26

Conn. 514; *Bishop* v. *Brainerd*, 28 id. 289; *P., W. & B. R. R. Co.* v. *Howard*, 13 How. [U. S.] S. C. 307; *Milner* v. *Milner*, 2 Edw. Ch. 114; *Pinch* v. *Anthony*, 99 Mass. 477; *Watson* v. *Thibou*, 17 Abb. Pr. 184; *Buchanan* v. *Comstock*, 57 Barb. 383.)

MILLER, J. This action was first commenced against The Michigan Southern and Northern Indiana Railroad Company and its directors, and the appellant has since been brought in as a party and co-defendant by the order of the court, and a summons and supplemental complaint served in accordance therewith.

In the case of Boardman against the same defendant,[*] recently decided by this court, all of the questions arising upon the merits of this controversy were considered and decided, unless it may be the question as to the interest upon the dividends, in regard to which a motion for a reargument is now pending and to be determined.

The remaining questions presented in this case relate, first, to the order allowing a supplemental complaint to be served, and as to whether the facts presented come within the purpose and object of such supplemental complaint; and, second, as to the effect of the several orders and judgments in which the plaintiff was not successful prior to the making of the appellant a party to the record herein.

It is claimed that there can be no review of the order relating to the supplemental complaint upon this appeal; but we are disposed to consider the same, and shall therefore assume that the question as to the validity of the order granted, allowing the plaintiff to file and serve a supplemental complaint by bringing in the appellant as a party, and the right to allow the same to be filed and served, is now presented for review. The claim of the appellant's counsel rests upon the ground that at the time the action was brought no cause of action existed in favor of the plaintiff against the appellant, except what grows out of the obligation which, it is alleged, was contracted in

[*] 84 N. Y. 157.

assuming the liabilities of the original defendant, and which is founded on the contract of assumption by The Lake Shore and Michigan Southern Railroad Company, and that this can only be enforced by an independent action in the ordinary way, and not by a supplemental bill. The principle invoked by the appellant to sustain this theory is the well-established doctrine that the plaintiff cannot file a supplemental bill to introduce new facts which have occurred since the filing of the original bill, and upon which a decree can be had without reference to the original bill, and in such case the original bill should be dismissed and a new one filed. We think that this principle is not applicable to the case at bar, and that the authorities cited and relied upon by the appellant do not apply to the facts here presented, as is manifest from an examination of the same. In *Milner* v. *Milner* (2 Edw. Ch. 114) the action was for a divorce, on the ground of adultery, and the plaintiff sought to set up new acts of adultery committed since the original bill was filed, and it was held that this is a new substantive cause of action, upon which a decree could be had without connecting it with the original bill, and that it could not be set up in a supplemental bill. It will be observed that the facts were entirely distinct from the original cause of action, occurring subsequent thereto, and might well constitute another and a new cause of action. In *Buchanan* v. *Comstock* (57 Barb. 583) the action was brought to settle and determine the partnership rights of the plaintiff and one of the defendants, and not to determine any thing between such defendant and a co-defendant under an agreement between them, and it was held that the plaintiff could not, by a supplemental complaint, change the action in its entire scope and purpose by bringing in and substituting a new controversy, and a new and independent cause of action springing out of a transaction occurring since the commencement of the action between the defendants, with which the plaintiff had no connection. The case last cited is not analogous, and does not bear upon the question now arising, whether a new party, who has assumed the liabilities and demands of the principal defendant in the action and is respon-

sible therefor, can be brought in in furtherance of the original object of the suit. In *Tiffany* v. *Bowerman* (2 Hun, 643) the general principle is upheld, that a new and substantive cause of action cannot be set up by way of supplemental complaint, but such complaint must be consistent with and in aid of the case made by the original complaint; a principle which will not be disputed, but which does not impair, but really sustains, the right of the plaintiff here to this relief. The other authorities cited (*Wattson* v. *Thibou,* 17 Abb. Pr. 184, and *Pinch* v. *Anthony,* 10 Allen, 470) uphold the same general rule; but all relate to cases where a new and independent cause of action is sought to be set up, on which a recovery might be had without regard to or being directly connected with the facts set up in the original complaint. They have, therefore, no application to the case at bar, inasmuch as here the plaintiff does not seek to add any new cause of action whatever, but merely to bring in a new party who has, since the commencement of the suit, become interested in the litigation, and in fact by contract and by operation of law has assumed all the burdens and liabilities of the defendant, who was originally sought to be charged and against whom relief was demanded. The plaintiff does not seek to introduce a new cause of action, and only desires and asks to continue the suit against a new party who had no existence in this connection when their action was first commenced, but has since acquired an interest.

The supplemental complaint simply sets forth, that while the action was in progress the old corporation had ceased to exist; and by arrangement had become merged in the new one, who is its successor in interest, and in liability for the claim which the plaintiff is seeking to enforce in this action. In order to sustain his action against the appellant, the plaintiff is bound to prove all the facts alleged in the original complaint, with the additional one, that the old corporation became merged in the new one, which assumed all of its obligations. This would entitle the plaintiff to the same judgment and relief originally demanded against the predecessor of the appellant, and clearly comes within the province of a supplemental complaint. The

right to bring in new parties by a supplemental bill is expressly recognized in the authorities. (*Varick* v. *Edwards*, 1 Hoffm. Ch. Pr. 394, 397, 404; *Ensworth* v. *Lambert*, 4 Johns. Ch. 605; *Jones* v. *Jones*, 3 Atk. 217; Barbour on Parties, 550.) Here it is not only a new party which is brought in by the supplemental complaint, but a continuance of a right of action against such party, who has voluntarily taken the place of the former corporation, and assumed and taken upon itself its burdens, its duties, its obligations and its responsibilities. The position that the plaintiff had slept too long upon his rights and was too late to pursue this remedy, is not sustained, as the plaintiff inaugurated his proceedings for that purpose, and having this in view, as soon as he became advised that it was material, and no rights of the appellant have been lost or affected by the delay of the plaintiff. It may also be remarked, that the facts presented furnish a proper case for the continuance and completion of a litigation under the supplemental complaint, which there is reason to suppose had been carried on by the original defendant at the expense and for the benefit of the appellant, who actually was the real party in interest. As the appellant agreed to provide for and discharge all the just debts, guarantees, liabilities and obligations existing against either of the companies at the time of the consolidation, and those which were at the time in the course of enforcement in this action, and as the former corporation had ceased to exist and became merged in the new one, which became vested with all its rights and franchises (*Shields* v. *Ohio*, 5 Otto, 319; *Boardman* v. *L. S. & M. S. R. R. Co.*, MSS. Op., Ct. App.*) it was eminently just and proper that the appellant should be brought in to incur the consequences of the litigation, as well as in accordance with a sound rule of law and a well-established practice.

As to the second objection, there is nothing which requires extended comment, and it is, therefore, sufficient to say that it is without merit. No other question arises which demands consideration, except the question of interest, which has been fully considered upon the motion for a reargument in Board-

---

*84 N. Y. 157.

·man against the same defendant, and must be similarly disposed of.

The judgment should be affirmed.

All concur, except RAPALLO, J., and ANDREWS, J., taking no part.

Judgment affirmed.