FRANK ABBOTT, Respondent, *v.* THE NEW YORK, LAKE ERIE
    AND WESTERN RAILROAD COMPANY, Appellant.

Where, pending the trial of an action, an order is granted vacating the
    proceedings had upon the trial, striking out of the summons and com-
    plaint the name of the defendant and inserting that of a new defendant,
    who is brought into the action by service of the amended summons and
    complaint, he is not prejudiced by the order and so may not appeal
    therefrom.

(Argued May 1, 1890; decided June 3, 1890.)

APPEAL from judgment of the General Term of the Supreme
Court in the second judicial department, entered upon an order
made May 9, 1887, which affirmed a judgment in favor of
plaintiff entered upon the report of a referee, and from an
order of the General Term of the same date, which affirmed
an order of the Special Term amending the summons and

complaint by striking out the name of the original defendant and inserting that of the present defendant.

The following is the opinion herein in full:

" This action was originally brought against Hugh J. Jewett, as receiver of the Erie Railway Company, to recover a balance due for services rendered under a contract of employment. The answer denied the employment and alleged that Jewett had been discharged from his receivership · more than sixty days before the action was commenced. The case was referred to a referee and the trial commenced. After the evidence had been closed and it became apparent that Jewett was not liable by reason of the sixty days Statute of Limitations provided for by the Laws of 1876 (Chap. 446, § 2, subd. 3), the plaintiff moved at Special Term for an order striking out the name of Jewett as receiver as defendant, and inserting in his place and stead the New York, Lake Erie and Western Railroad Company. This motion was granted, the order, among other things, providing that the proceedings already had or taken on the trial should stand before the referee, with leave to the parties to submit further proof. On an appeal to the General Term by Jewett this order was modified by vacating that part which provided that the trial proceed before the referee. The amended summons and complaint was served upon the defendant, the New York, Lake Erie and Western Railroad Company. It answered. A reference was stipulated and a trial had resulting in the judgment appealed from.

" There may be a question in reference to the power of the court to make the order appealed from. Jewett was the receiver of the Erie Railway Company. The New York, Lake Erie and Western Railroad Company was a stranger and a new corporation organized by the purchasers upon the foreclosure sale of the franchise, property and assets of the former company. We have, however, not thought it necessary to determine or decide this question for the reason that the defendant, the New York, Lake Erie and Western Railroad Company was not prejudiced by the order and has no right of review. It was not a party at the time the motion was made ; it does not appear that it was served with motion papers, or that it appeared upon the hearing of the motion. The only

appearance recited in the order in opposition to the motion was by Jewett, the receiver. The defendant, the New York, Lake Erie and Western Railroad Company, was subsequently brought into court in the manner provided for by the Code, by the service of the summons and complaint in the action. It had the twenty days allowed by statute in which to answer. The reference and proceedings had upon the trial having been vacated, it had the right of trial by jury, if so desired. It suffered nothing in consequence of any of the provisions of the order, and it is not apparent that it has any rights to redress by this review. If any one has suffered by reason of the order it was Jewett. He had been sued and put to the expense of defending the action after he had been discharged as receiver and after the sixty days Statute of Limitations had run. He may have been entitled to recover the costs of the action. The striking of his name from the summons and complaint, thus terminating the action so far as he was concerned, without costs, may be ground for complaint on his part, but he has not appealed, and is not here asking for a review.

"Of course, the order could not change the date of the service of the summons and complaint so as to deprive the New York, Lake Erie and Western Railroad Company of the right to avail itself of the Statute of Limitations. (*Shaw* v. *Cock*, 78 N. Y. 194.)

"But no claim is made that the statute had run at the time the summons and complaint was in fact served.

"So far as the appeal from the judgment is concerned, a question of fact is involved which we do not deem it necessary to here discuss. We have examined the testimony and reached the conclusion that there is some evidence to sustain the findings of the referee.

"The exceptions taken do not render a new trial necessary, and it consequently follows that the judgment should be affirmed, with costs."

*Lewis E. Carr* for appellant.

*John W. Lyon* for respondent.

HAIGHT, J., reads for affirmance.

All concur, except FOLLETT, Ch. J., VANN and PARKER, JJ., dissenting.

Judgment affirmed.