(51 App. Div. 80.)

WINTERS v. KING et al.

(Supreme Court, Appellate Division, Third Department. May 2, 1900.)

**1.** RAILROADS—RECEIVERS—ACTIONS—PURCHASING CORPORATION—JOINDER.

Where, pending an action against the receiver of a railroad, the road is sold to a corporation which, by the terms of the purchase, assumes the liability of the defendants in respect to the claim plaintiff is seeking to enforce, plaintiff is entitled to leave to file a supplemental complaint bringing in such purchaser as a party defendant.

**2.** APPEAL AND ERROR—QUESTIONS CONSIDERED ON APPEAL.

On appeal from an order allowing plaintiff to file a supplemental complaint making the purchaser of a railroad, of which defendants are receivers, a co-defendant, on the ground that such purchaser has assumed the liability of the receivers in respect to plaintiff's claim, the court will not determine the question of such new defendant's liability, but will leave it to be determined on the trial of the action.

Appeal from special term, Albany county.

Action by Sarah Winters against John King and John G. McCullough, as receivers of the property of the New York, Lake Erie & Western Railroad Company and the Erie Railroad Company, for dam-

ages. From an order allowing plaintiff to file a supplemental complaint making the Erie Railroad Company a co-defendant, defendants appeal. Affirmed.

Argued before PARKER, P. J., and HERRICK, MERWIN, SMITH, and KELLOGG, JJ.

Henry Bacon, for appellant receivers.

Joseph Merritt, for appellant Erie R. Co.

John F. Anderson, for respondent.

HERRICK, J. It is claimed by the plaintiff that the appellant the Erie Railroad Company has assumed by its deed of purchase the liabilities incurred by the receivers in operating what was formerly the New York, Lake Erie & Western Railroad Company; and it is a general rule that where a third party becomes interested in a pending litigation, by assuming the liabilities of the defendant in respect to the claim the plaintiff is seeking to enforce, it is proper to allow a supplemental complaint bringing in such third party as a co-defendant in the action. Prouty v. Railroad Co., 85 N. Y. 272. The receivers, it seems to me, cannot complain because the Erie Railroad Company is made a party defendant with them. It does not increase their liability, and it does not prevent their recovering costs if they are finally successful in the litigation. Neither does it in any way impair or change any force or effect that should otherwise be given to the order discharging them as receivers. Neither can the appellant the Erie Railroad Company complain because it has been brought in as a party defendant. Confessedly, it has purchased the property formerly in the possession of the receivers, and out of which any judgment the plaintiff might have obtained against them would have been made good, and upon such purchase it assumed certain liabilities of the former railroad corporation and of the receivers. The plaintiff has a right to her day in court, to have determined whether that assumption is broad enough to cover her alleged cause of action, and whether this court is the proper forum in which to enforce her claim. By this order the Erie Railroad Company is placed in the same condition that it would be if an original action had been commenced against it. It is in the same position that it would be if the present action had been discontinued, and a new one commenced against it, because of its alleged assumption of the liabilities incurred during the operation of the railroad by the receivers. It has the same defense to this action that it would have in the event of an entirely new action being commenced against it. A summons and complaint must be served upon it under this order as in an original action, and it has the same length of time to answer the complaint. It cannot complain because an action is brought against it, but defend the action the same as any other party who is brought into court as a defendant, by summons and complaint. Abbott v. Railroad Co., 120 N. Y. 652, 24 N. E. 810. I can see no occasion for the court to determine upon this appeal whether the Erie Railroad Company, under its purchase and assumption of liabilities, has become liable for the alleged negligence of the receivers in operating the railroad. If it

64 N.Y.S.—32

is not liable, that can be determined upon the trial of the action. The appeals of both appellants should be dismissed, with $10 costs against each appellant, and with the disbursements of the appeal against both.

Order affirmed, with $10 costs of the appeal against each appellant, and with disbursements against both appellants. All concur.