(38 Misc. Rep. 287.)

### GREEN v. MUSSEY et al.

(Supreme Court, Special Term, Fulton County. June, 1902.)

1. MORTGAGE FORECLOSURE—SUPPLEMENTAL COMPLAINT.

Where, after judgment and sale under foreclosure, the judgment has been set aside, as to the mortgagor, because the summons and notice of action were served only on the son of the mortgagor, who resided with him, and had the same Christian name, and the father thereafter died, having conveyed the property to his son, who had knowledge of the facts in the case, and the son remained in possession, the court will allow plaintiff, in the absence of laches, to serve on the son a supplemental summons and complaint, as in the original action.

2. SAME—STRICT FORECLOSURE.

Strict foreclosure is simply a form of judgment, and may be had in an action brought to foreclose as well as in any other method.

Action by James W. Green against Edward Mussey and others. Motion for an order allowing plaintiff to serve a supplementary summons and complaint. Granted.

Nelson H. Anibal, for the motion.
Keck & Rodgers, for John A. Carnduff, opposed.

SPENCER, J. This action was begun in December, 1894, to foreclose a real estate mortgage. John Carnduff, the owner in possession, was named as one of the defendants. Judgment was entered on default, and the property sold to the defendant Abram Mussey, who received the usual conveyance, but did not enter into possession. Thereafter, in September, 1895, this court, upon the application of John Carnduff, made an order setting aside the judgment and sale as to him, on the ground that the service of the summons and notice of the object of the action had, by mistake, not been made upon him, but upon his son, John A. Carnduff, who resided with him. Shortly after the making of such order, John Carnduff died, having conveyed his interest in the property to his son, John A. A motion is now made for an order permitting the plaintiff to make, file, and serve a supplemental summons and complaint, and to bring in said John A. Carnduff as party defendant.

Carnduff objects on the grounds: First, that, the action having proceeded to judgment and sale, this court has no power to bring in a person whose interest has since been acquired; second, that plaintiff's remedy is by strict foreclosure; third, that plaintiff has been guilty of laches. None of these objections strike me as valid. Irrespective of the provisions contained in sections 544 and 723 of the

Code of Civil Procedure, this court, by virtue of its common-law powers, never loses jurisdiction over its judgments, and should always exercise control thereof in furtherance of justice. The failure to accomplish a valid foreclosure in this action is due in part to the conduct of John A. Carnduff, the person now sought to be made a party defendant. His retention of the summons and notice of the object of the action, served upon him by mistake, was inconsistent with good faith. He acquired title with knowledge of the mortgage, its ineffectual foreclosure, and the reasons therefor. He certainly does not stand in a position to question the justice of this application. The plaintiff does not seek to introduce a new and substantive cause of action. He asks only to continue the action against a new party who had no interest in the mortgaged property when the action was begun, but who has since acquired an interest with knowledge of the plaintiff's rights. The relief asked for comes well within the principles established in Prouty v. Railroad Co., 85 N. Y. 272.

In regard to the contention that strict foreclosure should be resorted to, it is sufficient to say that strict foreclosure is simply a form of judgment, and may as well be had in this action as in another, although it is not recognized by our system of practice under the Code. Code Civ. Proc. § 1626. It has generally been regarded as a severe form of judgment against persons standing in such relation to the mortgaged premises as that occupied by the party here, who is asking to have it applied. Relief should not be denied because of laches, as it does not appear that John A. Carnduff or his grantor has been injured by the delay. They have retained possession of the premises.

Let an order be made permitting the plaintiff, within 20 days after the entry of such order, to make, file, and serve a supplemental summons and complaint, bringing in John A. Carnduff as a party defendant, and continuing such action as against him; and alleging such material facts as have occurred since the making of the original complaint as counsel may advise, subject to the right of said John A. Carnduff to answer and defend in the same way and manner as if no action or proceeding had theretofore been taken for the foreclosure of such mortgage. No costs.

Ordered accordingly.