(112 App. Div. 13)

### HOROWITZ v. GOODMAN.

(Supreme Court, Appellate Division, First Department. March 16, 1906.)

PLEADING—AMENDMENT.

    Code Civ. Proc. §§ 542, 543, allow an amendment to a pleading of course. By section 546, the court may require indefinite and uncertain allegations to be made definite and certain, and sections 539 and 540 provide for an amendment where there is a variance between an allegation in a pleading and proof. Section 723 authorizes the court upon the trial, or at any other stage of an action, to amend any pleading by inserting an allegation material to the case. Section 544 declares that upon application of either party the court may permit the filing of a supplemental complaint or answer alleging material facts which occurred after the former pleading or of which the party was ignorant when it was made. *Held,* that where the original complaint alleged that plaintiff was the lessee of premises, and that defendant the lessor had caused a portion of the premises to be cut away, and threatened to further cut away the ceiling and floors, and an injunction was prayed, it was error to permit plaintiff to subsequently file what he termed "an amended and supplemental complaint" which charged that after the action was commenced defendant wrongfully entered on the premises and constructed certain shafts, and during the commission of such act personal property of plaintiff was damaged.

    Patterson, J., dissenting.

Appeal from Special Term, New York County.

Action by Rebecca Horowitz against Bernard Goodman. From an order allowing plaintiff to serve an "amended and supplemental complaint" defendant appeals. Reversed.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, LAUGHLIN, and CLARKE, JJ.

Henry A. Forster, for appellant.
Alfred Steckler, for respondent.

INGRAHAM, J. This action was commenced in June, 1905. By the original complaint, the plaintiff alleges that she is the lessee of certain premises belonging to the defendant, and that the defendant had caused a portion of the leased premises to be cut away for the purpose

of constructing water-closets and shafts, and threatens to further cut away the ceiling and floors of the leased premises, and to construct such water-closets and shafts without the authority and consent of the plaintiff; and the complaint asks judgment that the defendant be restrained from constructing and maintaining said water-closets and shafts and from breaking the ceiling and floor of the plaintiff's store, and from in any way trespassing upon or interfering with the said store of the plaintiff. The lease was annexed to the original complaint.

The plaintiff made a motion for a temporary injunction, which was denied. The answer was served, and the case was put upon the calendar for trial. Subsequently the plaintiff moved for leave to serve an amended and supplemental complaint upon an affidavit alleging that after the action was commenced the defendant had wrongfully entered upon the plaintiff's premises and wrongfully constructed said shaft and water-closet in said premises; that during the commission of such act certain personal property of the defendant in the store was damaged; that the defendant had thus completed subsequent to the commencement of the action the wrongful acts threatened prior to the commencement of the action and alleged in the complaint herein, and has so damaged the personal property of the plaintiff in the course of his wrongful acts in trespass; that in order to prove said acts so committed by the defendant subsequent to the commencement of the action it is necessary that a supplemental and amended complaint be served herein, the commission of said acts subsequent to the commencement of the action necessitating an amendment of the complaint herein, as deponent is advised by her counsel and verily believes. Annexed to this was the proposed pleading which was intended to take the place of the original complaint. The Code of Civil Procedure recognizes no such pleading as an "amended and supplemental complaint." Section 478 of the Code provides that "the first pleading, on the part of the plaintiff, is the complaint"; and section 481 provides that the complaint must contain (subdivision 1):

"The title of the action, specifying the name of the court in which it is brought; if it is brought in the Supreme Court, the name of the county, which the plaintiff designates as the place of trial, and the names of all the parties to the action, plaintiff and defendant. 2. A plain and concise statement of the facts, constituting each cause of action without unnecessary repetition. 3. A demand of the judgment to which the plaintiff supposes himself entitled."

Sections 542 and 543 of the Code allow an amendment to a pleading of course. By section 546 the court may require indefinite or uncertain allegations to be made definite and certain by amendment; and section 539 and 540, provide for an amendment where there is a variance between an allegation in a pleading and proof. Section 723 of the Code authorizes the court, upon the trial, or at any other stage of action, to amend any process, pleading, or other proceeding by inserting an allegation material to the case, or where the amendment does not change the pleading or other proceedings to the facts proved; and further power on relation to amendments is given by section 724 of the Code. This power in relation to an amendment to the original complaint relates to the insertion of an allegation of fact existing at the time of the commencement of the action, and thus, amendments to a complaint

are simply authorized to allow the insertion of allegations of fact existing when the action was commenced and upon which the action is to be maintained. Provision is then made by section 544 of the Code for what is called "supplemental pleadings." That section provides that:

"Upon the application of either party, the court may, and, in a proper case, must, upon such terms as are just, permit him to make a supplemental complaint, answer, or reply alleging material facts which occurred after his former pleading, or of which he was ignorant when it was made. The party may apply for leave to make a supplemental pleading, either in addition to or in place of, the former pleading."

The facts which may be alleged by way of a supplemental pleading are "material facts which occurred after his former pleading, or of which he was ignorant when it was made." Just what is meant by the provision that this supplemental pleading may take the place of the former pleading is not clear, but it has been uniformly held that:

"The plaintiff could not, by a supplemental complaint, change the action in its entire scope and purpose by bringing in and substituting a new controversy, and a new and independent cause of action springing out of a transaction occurring since the commencement of the action between the defendants, with which the plaintiff had no connection." Prouty v. Lake Shore & Mich. So. R. R. Co., 85 N. Y. 275, and cases there cited.

It would seem that under these provisions of the Code the complaint in the action must consist of facts in existence at the time of the commencement of the action and upon which the plaintiff bases his right to relief. It may be amended by the court so as to include facts then existing and which are material to the plaintiff's cause of action. As to material facts which occurred after the service of the complaint, or of which the plaintiff was ignorant when his complaint was made, the plaintiff may allege such facts by way of supplemental complaint, and such a supplemental complaint may be served in place of the original complaint, in which case it would entirely supersede it. The plaintiff in this case has attempted to unite in one complaint, called "an amended and supplemental complaint," facts alleged in the original complaint, and which occurred prior to the service of his original complaint, and the facts which have occurred after the service of the original complaint and which she seeks to set up by way of supplemental pleading. I think this practice improper and that it should not be allowed. It is in substance commencing a new action to recover upon facts alleged after the commencement of this action and would introduce an element of uncertainty and confusion. The original complaint in this action was one in equity and demanded a judgment enjoining the defendant from proceeding to make such changes in the premises which had been leased to the defendant under orders of the tenement house commission. The new pleading proposed by the plaintiff as "an amended and supplemental complaint," alleges all the facts set up in the original complaint, and also other facts, not in the original complaint, which happened before the commencement of the action, and further alleges that subsequent to the commencement of the action the defendant entered upon the leased premises, constructed the appliances required by the tenement house commission, ejected the plaintiff from certain portions of the leased premises and caused the plaintiff substantial damage; and the relief that

the plaintiff now demands is that the defendant be compelled to remove such appliances so placed upon the leased premises and that the plaintiff have judgment against the defendant for the sum of $15,000.

I think the plaintiff should have been granted leave to serve a supplemental complaint, setting up the acts of the defendant after the service of the former pleading in carrying out the acts which, when the former pleadings were served, were threatened, and stating the damages occasioned thereby, and asking to recover in this action such damage. Upon the trial the facts would then have been presented to the court under the original complaint upon which the right of the plaintiff to maintain the action would depend, and the relief to which the plaintiff would be entitled would depend upon the facts alleged in the original and supplemental complaints; but if the plaintiff had no right to maintain the action as one in equity, the cause of action could not be bolstered up by the facts alleged after the commencement of the action. If upon the trial it appeared that the plaintiff at the time it was commenced was authorized to maintain it as an action in equity, the court would have power to retain the action, and to grant the plaintiff such relief as she was entitled to, although in consequence of the wrongful acts of the defendant after the commencement of the action, equitable relief would not give the plaintiff full relief; but it was irregular to attempt to set up by way in one complaint facts which occurred before and after the commencement of the action, and attempt thereby to sustain a new cause of action against the defendant.

For this reason I think this "amended and supplemental complaint" should not have been allowed, and that the order appealed from should be reversed, with $10 costs and disbursements, and the motion for leave to serve this pleading denied, with $10 costs, without prejudice to a motion to be made by the plaintiff for leave to serve a proper supplemental complaint.

O'BRIEN, P. J., and LAUGHLIN and CLARKE, JJ., concur. PATTERSON, J., dissents.