## JONES v. RAMSEY.

(Supreme Court, Appellate Division, First Department. July 13, 1909.)

1. PLEADING (§ 229*)—AMENDED AND SUPPLEMENTAL COMPLAINT—MOTIONS.

The Code does not authorize such a pleading as an "amended and supplemental complaint"; but one must move for leave to amend the complaint, and separately move for leave to serve a supplemental complaint, which, under Code Civ. Proc. § 544, may set up facts which arose since the former pleading was served, or which have since come to the knowledge of the pleader.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 229.*]

2. PLEADING (§ 248*)—AMENDED AND SUPPLEMENTAL COMPLAINT—MOTIONS.

Where the affidavit forming a part of the moving papers on a motion stated that plaintiff desired to serve an "amended and supplemental complaint" setting up facts based on the testimony of defendant given on a former trial, and the notice of the motion and the new pleading described it as a proposed "amended and supplemental complaint," and the allegations of a paragraph thereof related to matters which had occurred since the service of the original complaint, the proposed pleading could not be sustained as an amended complaint.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 248.*]

Appeal from Special Term, New York County.

Action by John S. Jones against Joseph Ramsey, Jr. From an order granting leave to plaintiff to serve an amended and supplemental complaint, defendant appeals. Reversed.

See 111 N. Y. Supp. 993; 130 App. Div. 451, 114 N. Y. Supp. 956.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN CLARKE, and HOUGHTON, JJ.

Appleton D. Palmer, for appellant.
David McClure, for respondent.

LAUGHLIN, J. The plaintiff has combined a motion for leave to serve an amended complaint with a motion for leave to serve a supplemental complaint, and the order authorized the service of an "amended and supplemental complaint," which is a pleading not authorized by our practice. This court has recently pointed out the distinction between an amended and a supplemental pleading, and the authority for each. Horowitz v. Goodman, 112 App. Div. 13, 98 N. Y. Supp. 53; Luckey v. Mockridge, 112 App. Div. 199, 98 N. Y. Supp. 335. The relief sought involves an amendment of the complaint; for plaintiff seeks, on account of an adverse decision of this court on a former appeal herein (Jones v. Gould, 130 App. Div. 453, 114 N. Y. Supp. 956), to hold the appellant individually for a breach of an individual contract, instead of jointly on a joint liability with the other two original defendants, as to whom the complaint was dismissed upon the first trial of the action.

The learned counsel for the respondent concedes this, and contends that the proposed pleading should be regarded merely as an amended complaint. The difficulty with his contention in that regard is that in his affidavit, which formed a part of the moving papers upon which the motion was granted, he states that he desires to serve, not only an amended complaint, but a supplemental complaint, setting up facts based upon the testimony of the appellant, given upon the former trial of the action; and the notice of motion and the new pleading both describe it as a proposed "amended and supplemental complaint"; and, moreover, all of the allegations of the sixth paragraph are with respect to matters which have taken place since the service of the original complaint. The purpose of these allegations evidently is to charge that the representations which are alleged to have been made by the appellant with respect to his authority to represent the other members and managers of the syndicate were untrue, and that he did not have such authority, which knowledge has come to the plaintiff since the service of the original complaint. These facts would render the provisions of section 544 of the Code of Civil Procedure, which authorize a supplemental pleading, applicable.

We do not construe the testimony of the plaintiff, given upon the former trial, as indicating that he was aware that the appellant did not have authority to represent the members of, or the other managers of, the syndicate, as claimed by counsel for the appellant. If he did, of course, he should not be permitted to serve a supplemental complaint; for that is only authorized to set up facts which have arisen since the former pleading was served, or which have since come to the knowledge of the moving party. Code Civ. Proc. § 544. The statute of limitations would probably now bar an action against appellant for misrepresenting his authority, and for a breach of his agreement to have an assessment made or to reimburse and pay plain-

tiff; but whether the court is authorized to grant the relief, or should grant it, we refrain from now discussing.

The order should be reversed, with $10 costs and disbursements, and motion denied, with $10 costs, but without prejudice to a renewal of the motion for leave to amend the complaint and summons, if necessary, and separately for leave to serve a supplemental complaint, if plaintiff shall be so advised. All concur.

PEOPLE ex rel. BROWNE et al. v. KEONIG, Secretary of State.

(Supreme Court, Appellate Division, First Department. July 13, 1909.)

1. CORPORATIONS (§ 197*)—PREFERRED STOCKHOLDERS—DEPRIVATION OF VOTING POWER.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 764; Dec. Dig. § 197.*]

2. CORPORATIONS (§ 197*)—PREFERRED STOCKHOLDERS—DEPRIVATION OF VOTING POWER—"MEMBER OF CORPORATION."

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 197.*

For other definitions, see Words and Phrases, vol. 5, pp. 4470–4471; vol. 8, p. 7720.]

Appeal from Special Term, New York County.

Application for mandamus by the People, on relation of Stewart Browne and others, against Samuel S. Keonig, Secretary of State. From an order granting a peremptory writ, defendant appeals. Affirmed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and HOUGHTON, JJ.