BREWSTER et al. v. F. G. BREWSTER CO. et al.

(Supreme Court, Appellate Division, First Department.   May 6, 1910.)

1. PLEADING (§ 276*)—SUPPLEMENTAL PLEADING—ALLOWANCE.

The merits will not be considered on an application to serve a supplemental pleading, and, unless the insufficiency of the original pleading has been authoritatively adjudicated, the motion for leave to serve a supplemental pleading will not be denied because a cause of action is not stated in the original pleading, or because the supplemental pleading will be of no avail, but such questions should be decided on demurrer, or on motion for judgment on the pleadings, or on the trial, whereby the party desiring to interpose the pleading will be afforded a clear legal right to review any adverse decision, but the court must decide what cause of action was attempted to be set forth in the original complaint in order to decide whether the allegations in the supplemental complaint are germane thereto.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 833; Dec. Dig. § 276.*]

2. PLEADING (§ 276*)—SUPPLEMENTAL PLEADING—ALLOWANCE.

Leave to serve a supplemental pleading containing allegations of fact relevant to and consistent with the case presented by the original pleading should not be denied on the ground that it contains other allegations not germane thereto, but a motion may be made subsequently to strike out the irrelevant allegations.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 276.*]

3. CORPORATIONS (§ 320*)—FRAUD OF OFFICERS—ACTION IN BEHALF OF CORPORATION.

Where there is a fraudulent issue of stock in the interests of the individual directors of the corporation, and with a view to enable them to obtain and maintain control of the corporation, and to appropriate to themselves to the exclusion of other stockholders all profits of the business, an action may be maintained by a stockholder in the right of the corporation to enjoin the consummation of the conspiracy between the directors, and for an accounting to the corporation.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1426–1439; Dec. Dig. § 320.*]

4. CORPORATIONS (§ 320*)—FRAUD OF OFFICERS—ACTION IN BEHALF OF CORPORATION.

Where the title of an action by a stockholder against a corporation and its officers indicated that it was brought also in the interest of other stockholders, and the complaint sought the cancellation of stock alleged to have been issued in consummation of a fraudulent scheme to injure the corporation, and pursuant to a scheme entered into by the officers with the design of obtaining the control of the corporation, in violation of the rights of plaintiffs as stockholders and in violation of an agreement between the stockholder and a defendant who together originally formed a corporation, and which contained allegations excusing demand on the directors to sue as being futile, the action was a representative action in the right of the corporation for equitable relief.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 320.*]

5. PLEADING (§ 279*)—SUPPLEMENTAL COMPLAINT—ACTION IN BEHALF OF CORPORATION.

Where the complaint in an action by a stockholder against the corporation and its officers for the cancellation of stock fraudulently issued was a representative action in the right of the corporation, a supplemental complaint alleging facts relating to the rights of the corporation as to matters which have occurred since the commencement of the action,

and to matters which occurred before the commencement of the action. but not known by plaintiff at that time, was properly allowed, though it contained allegations appropriate to an action by plaintiff in his own right.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 836–841; Dec. Dig. § 279.*]

6. PLEADING (§ 279*)—SUPPLEMENTAL COMPLAINT.

Where the cause of action set forth in the original complaint was only in the right of a stockholder suing the corporation and its officers, a supplemental complaint based on a cause of action vested in the corporation could not be allowed.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 836–841; Dec. Dig. § 279.*]

Appeal from Special Term, New York County.

Action by Ulysses B. Brewster and another, as administrators of Frederick Gillette Brewster, deceased, against the F. G. Brewster Company and others. From an order permitting plaintiffs to serve a supplemental complaint, defendant Emma Golder and other defendants separately appeal. Affirmed.

See, also, 129 App. Div. 903, 113 N. Y. Supp. 1127.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Robert R. Reed (A. Chalmers Charles, on the brief), for appellants. John B. Doyle (Dudley Davis, on the brief), for respondents.

LAUGHLIN, J. The only objections to the order which we deem of sufficient importance to require discussion in an opinion are that it allows the plaintiff to plead a new cause of action of a nature different from that originally pleaded, which has arisen during the pendency of the action, and that the facts stated are insufficient to warrant the relief demanded. The rule is now well settled that the merits of the case will not be considered on an application to serve a supplemental pleading, and that, unless the insufficiency of the original pleading has been authoritatively adjudicated, the motion for leave to serve the supplemental pleading will neither be denied on the theory that a cause of action is not stated in the original pleading, nor on the theory that it will be of no avail, for those questions should be left to be decided on demurrer, or on motion for judgment on the pleadings, or on the trial, whereby the party desiring to interpose the pleading will be afforded a clear legal right to review any adverse decision or ruling. Farmers' Loan & Trust Co. v. United Lines Tel. Co., 47 Hun, 315; Prouty v. Lake Shore & Mich. So. R. R. Co., 85 N. Y. 272; Horowitz v. Goodman, 112 App. Div. 13, 98 N. Y. Supp. 53; Bell Telephone Co. v. Home Telephone Co., 52 App. Div. 13, 64 N. Y. Supp. 821; N. Y. C. & H. R. R. R. Co. v. Haffen, 23 App. Div. 377, 48 N. Y. Supp. 316. If the proposed pleading contains allegations of fact relevant to and consistent with the case presented by the original pleading, leave to serve it should not be denied on the ground that it contains other allegations not germane thereto, and a motion may be made thereafter,

notwithstanding the granting of such leave, to strike out the irrelevant allegations.

The original complaint contains certain allegations and a demand in the prayer for relief which would only be appropriate to an action by the plaintiffs in their own right as stockholders for an accounting for a violation of contract rights; but, considering the title of the action and all of the allegations contained in the complaint and the demand for relief, it is fairly to be inferred, as claimed by counsel for the plaintiffs and as was claimed on a former appeal to this court from an interlocutory judgment overruling a demurrer to the complaint (129 App. Div. 903, 113 N. Y. Supp. 1127), that it is a representative action brought by the administrators of Frederick Gillette Brewster, deceased, who as such are stockholders of the defendant corporation for the cancellation of two issues of the capital stock on the ground that the issuance thereof was illegal and in consummation of a fraudulent scheme to injure the corporation, and to enjoin the defendants from voting thereon. The illegality is predicated on the charge that the stock was issued pursuant to a scheme and conspiracy entered into by the individual defendants with the fraudulent design of obtaining the control and management of the company, and of appropriating to themselves the profits of the business, in violation of the rights of the plaintiffs as such stockholders and in violation of an agreement between the decedent and the defendant Joseph Hartog, who together originally formed the company, to take over a copartnership business conducted by them, which agreement contemplated the equal representation of each of said parties in the management of the corporation, and to that end provided for an equal division between them of the stock to be issued from time to time, and which agreement it is alleged and claimed became binding on the company and on the other stockholders, who, it is alleged, became such in the interest of one or the other of said parties. The prayer for relief contained in the original complaint, in addition to demanding the cancellation of the stock, demands the annulment of all resolutions of the board of directors adopted since the death of Frederick Gillette Brewster affecting the issuance or transfer of stock, or the election or qualification of directors of the company. The complaint also contains the usual prayer for other and further relief, and demands the appointment of a receiver of the property of the company in the event that the individual defendants refuse to consent to an equal representation by the plaintiffs with them on the board of directors, and in the event that there does not exist a board of directors lawfully constituted. We must, of course, decide what cause of action was attempted to be set forth in the original complaint, in order to decide whether the allegations contained in the supplemental complaint are germane thereto, but, as already observed, we are not now concerned with the sufficiency of either pleading. See, also, People v. Equitable Life Assurance Society, 124 App. Div. 714, 727, 109 N. Y. Supp. 453, and cases cited. The original complaint proceeds upon the theory that the ownership of the stock which it is sought to have canceled is vested in the company subject to said agreement. In so far as the complaint rests upon a mere violation of the agreement between the original parties with respect to equal

representation in the corporation, it is doubtful, at least, whether any relief could be awarded (See Bond v. Atlantic Terra Cotta Co. et al. [First Dept., April, 1910] 122 N. Y. Supp. 425; Waters v. Waters & Co., 130 App. Div. 678, 115 N. Y. Supp. 432; Jackson v. Hooper [N. J.] 75 Atl. 568), but it is manifest that there may be a fraudulent issue of stock, not in the interests of the corporation, but in the interests of the individual directors, and with a view to enabling them to obtain and maintain control of the corporation and to appropriate to themselves to the exclusion of other stockholders all profits of the business, and, if so, an action may be maintained by a stockholder in the right of the corporation to enjoin the further consummation of the conspiracy and for an accounting to the corporation, and such it is claimed is this action. As tending to sustain this theory, we find the title of the action indicating that it was brought in the interest, not only of the plaintiffs, but of other stockholders, and in the twenty-fifth paragraph of the complaint we find the usual allegations appropriate to such an action dispensing with a demand upon the directors to bring it on the ground that such demand would be futile. For these reasons therefore we are of opinion that the plaintiffs' classification of the action should be accepted, and that it should be regarded as a representative action.

There are likewise allegations in the supplemental complaint and in the demand for relief which would only be appropriate to an action by the plaintiffs in their own right as stockholders, and not in the right of the company; but it also contains allegations to the effect that since the commencement of the action the certificates of stock which are sought herein to be canceled have been illegally voted with a view to securing the management and control of the business in the individual defendants in consummation of said conspiracy, and that they have thereby exercised and are exercising such control; that the individual defendants as officers and directors of the corporation, have fraudulently misapplied, diverted, and wasted funds of the corporation, and have appropriated to their own use assets of the corporation; that the defendants Joseph and Harriet Hartog have appropriated to themselves and enjoyed "for their private dwelling and apartment" without paying the company therefor a large part of the building leased by the company; that the names of dismissed employés have been continued on the pay rolls of the company, and the salaries or wages of such dismissed employés have been withdrawn from the treasury of the company and paid to persons unknown to the plaintiffs without the rendition of any services therefor; that there are carried on the books of the company accounts of loans or advances purporting to have been made by the defendants Joseph and Harriet Hartog to the company, which loans, if made, were "wasteful, unnecessary and improper," and that the defendants have failed to make, publish, and report statements of the affairs of the company as required by law. The additional prayers for relief contained in the supplemental complaint are that the damages sustained by the defendant company and by the estate represented by the plaintiffs be ascertained and determined, and that the individual defendants be compelled to account as directors, that a receiver be appointed, and that the individual defendants be compelled to pay over to

him for the benefit of the company, its creditors, and stockholders "any and all moneys and the value of any and all property," which they have taken for themselves, or transferred to others, or wasted by a violation of their duties as directors.

We are of opinion that these allegations are germane to the original complaint. In so far as they relate to matters which have occurred since the commencement of the action, they strictly supplement the complaint, for it is charged that all of the acts and things were done pursuant to and in consummation of said conspiracy; and, in so far as they relate to matters which occurred before the commencement of the action, it was shown that the information was acquired by the plaintiffs since that time. The original action, as we construe it, is in the right of the corporation for equitable relief to which it is claimed the corporation is entitled on account of misconduct on the part of its officers and directors, and the facts set forth in the supplemental complaint, which relate to the rights of the corporation and are therefore relevant, are consistent with the cause of action attempted to be pleaded originally and merely show cause, based on other acts of misconduct of the same officials, for extending the relief which was demanded in the original complaint. Of course, if the cause of action set forth in the original complaint were one in the right of the plaintiffs, a supplemental complaint based on a cause of action vested in the corporation could not be allowed.

It follows, therefore, that the order was properly granted, and it should be affirmed, with $10 costs and disbursements. All concur.

