■ EDWARD G. MCDONNELL RIGGING CO., INC., Respondent, v. NICHOLSON COMPANY, INC., Defendant, and NEW YORK TRAP ROCK CORP., Appellant.— Motion referred to the court that rendered the decision. Present — Wenzel, Acting P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ. Motion for reargument denied, without costs. Motion for leave to appeal to the Court of Appeals denied. Present — Nolan, P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ. [See *ante*, p. 969.]

■ LILLIAN WISNER et al., Respondents, v. HARMAS HOLDING CORP., Respondent, and SEABERG ELEVATOR CO., INC., Appellant.— Motion to vacate order entered April 2, 1956, denied, with $10 costs. Motion for leave to appeal to the Court of Appeals denied. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Kleinfeld, JJ. [See *ante*, p. 957.]

■ HELEN ZOLLO, Respondent, v. CARMINE C. ZOLLO, Appellant.— Motion referred to the court that rendered the decision. Present — Wenzel, Acting P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ. Motion for reargument denied, with $10 costs. Motion for leave to appeal to the Court of Appeals denied. Present — Nolan, P. J., Beldock, Murphy, Ughetta and Hallinan, JJ. [See *ante*, p. 983.]

■ ATLANTIC BEACH PROPERTY OWNERS' ASSOCIATION INC., et al., Respondents, v. TOWN OF HEMPSTEAD, Appellant.— Action for a permanent injunction. The respondent association is representative of residents of a development known as Atlantic Beach, which was made a park district under section 190 of the Town Law. Respondent association conveyed beach and bay areas in the district to the appellant by deed containing covenants under which appellant was required to restrict the use of said areas to owners and residents of property in the park district as it existed at the time of the conveyance. Appellant accepted the deed. Thereafter appellant extended the park district (Town Law, § 190) to include an adjoining development known as Inlet Estates, and appellant is about to permit residents of that development to use said beach and bay areas. At Special Term judgment was entered after trial permanently restraining appellant from permitting the use of the said beach and bay areas by persons other than the owners and residents of the original development. Appellant contends that proper interpretation or construction of the covenants shows an intention to grant such uses to residents of the extended area of the park district and, if not, that the covenants are void as being a surrender of municipal powers to extend the park district. Appellant further contends that compliance with the covenants is inequitable. Judgment unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ.

■ LOUIS W. AUSTIN, Respondent, v. ALICE SACCACIO et al., Appellants.— In an action to recover damages for waste, the appeal is from so much of an order of the County Court, Suffolk County, as grants a motion for leave to serve an " amended and supplemented " complaint. Order, insofar as appealed from, affirmed, with $10 costs and disbursements. While there is no authority for an " amended and supplemented " complaint (cf. *Horowitz* v. *Goodman*, 112 App. Div. 13; *Homer* v. *Homer*, 282 App. Div. 699), the irregularity may be disregarded under section 105 of the Civil Practice Act, appellants not having been prejudiced thereby. On the record presented, there was no abuse of discretion by the Special Term in permitting an amendment of the pleading. Nolan, P. J., Wenzel, Beldock, Murphy and Kleinfeld, JJ., concur.