### WINSLOW vs. PITKIN & KIBBEE.

Where a judgment, recovered in the superior court of the city of New-York, or in a court of common pleas, is docketed in another county, a creditor's bill cannot be sustained upon the return of an execution to the clerk's office of the county in which the judgment is so docketed. To authorize the filing of a creditor's bill, the execution must have been duly returned and filed with the clerk of the court from which such execution issued.

After the return of an execution unsatisfied, the plaintiff filed a creditor's bill against the judgment debtor, and thereupon the defendant and a third person gave a note as collateral security for the payment of the debt and costs, but without discharging the judgment, or discontinuing the creditor's suit; the note not having been paid at maturity, a new judgment was recovered thereon against the judgment debtor and his surety; *Held* that it was improper to file an original creditor's bill, upon the last judgment, and to continue the proceedings in the first suit; but that the proper course was to file a supplemental bill.

THE complainant recovered a judgment, and upon the return of an execution issued thereon unsatisfied, he filed a creditor's bill against the defendant. The defendant thereupon procured the other defendant in the present suit to sign a note with him as collateral security for the debt and costs, or a part thereof, and

Winslow *v.* Pitkin.

the complainant agreed to stay the proceedings upon the creditor's bill until such note became due.   The note not having been paid at maturity, the complainant brought a suit upon the note and recovered judgment in the superior court of the city of New-York against both defendants.   He afterwards procured the judgment to be docketed in Queens county, and issued an execution to the sheriff of that county, who returned the execution to the office of the clerk of Queens county, unsatisfied.

*R. F. Winslow* applied for the appointment of a receiver.

*I. Harris,* for the defendants, objected that the execution was not properly returned; and that the last bill was irregular and improper.

The CHANCELLOR said, the complainant had overlooked the amendatory act of April, 1844, (*Laws of* 1844, *p.* 91, § 4,) which required the execution in such a case to be returned to, and filed with the clerk of the court from which it was issued; and that a creditor's bill could not be filed upon the last judgment until the execution was duly returned, unsatisfied, and filed with the clerk of the court out of which it issued.   He also said that this was not a proper case for the filing of an original bill, upon the last judgment, and at the same time continuing the original suit in this court for the recovery of the same debt; that the complainant should either have dismissed his original bill, against one of these defendants, or have filed a supplemental bill, founded upon such original bill and upon the new facts; so that the whole matter could be disposed of together, in the original and supplemental suits.

Motion for receiver denied.