time for the construction of such railroad. The proofs, in accordance with the statute, of the construction of such railroad were furnished, and the referee finds that the Adirondack Company duly complied with and performed the conditions imposed upon it by chapter 236, p. 429, Laws 1863, and the acts amendatory thereof and supplemental thereto, upon which it was entitled to have its lands relieved from taxation.

The grant of the franchise by the state to the Adirondack Company, by which it was provided that the lands purchased by the corporation should be free and exempt from all taxation until the 12th day of September, 1883, constituted an inviolable contract binding upon the state, and had the effect of exempting the company from all taxation during the period mentioned in the act. McGehee v. Mathis, 4 Wall. 143, 18 L. Ed. 314; Home of the Friendless v. Rouse, 8 Wall. 430, 19 L. Ed. 495; Washington University v. Rouse, 8 Wall. 439, 19 L. Ed. 498; St. Anna's Asylum v. New Orleans, 105 U. S. 362, 26 L. Ed. 1128. The lands of the company being exempt from taxation, title adversely to the railroad company could not be acquired by a sale for unpaid taxes levied and assessed during the period of exemption.

We do not think that the objections to the identity of the railroad corporation, or to the proofs relative to the compliance with the provisions of the act or the sufficiency thereof, are well taken.

Judgment affirmed, with costs. All concur.

---

(109 App. Div. 55.)

MICHIGAN S. S. CO. v. AMERICAN BONDING CO. OF BALTIMORE
(two cases).

(Supreme Court, Appellate Division, First Department. November 17, 1905.)

1. PRINCIPAL AND SURETY—SURETY COMPANIES—ACTIONS—PLEADING—AMENDMENT.

In an action against a surety company on a bond executed by it, where it pleads as a defense an alteration in the contract between the plaintiff and the principal in the bond, it is proper to allow plaintiff to amend its complaint, so as to allege that defendant was engaged in the business of executing such bonds and undertakings for hire, and that it executed the bond in suit for a valuable consideration received by it therefor.

2. SAME—OPERATION AND EFFECT.

Where, in an action against a surety company on a bond, defendant pleads as a defense an alteration in the contract between the plaintiff and the principal in the bond, and the plaintiff asks to amend it so as to allege that defendant was engaged in the business of executing such bonds for hire, and that it executed the bond in suit for a valuable consideration received by it therefor, the allowance of the amendment is not an adjudication as to the materiality or effect of evidence in support of the amendment.

Appeal from Special Term, New York County.

Actions by the Michigan Steamship Company against the American Bonding Company of Baltimore. From orders allowing amendments to plaintiff's complaints, defendant appeals. Affirmed.

For former opinion, see 93 N. Y. Supp. 805.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTER-SON, INGRAHAM, and LAUGHLIN, JJ.

Harrington Putnam, for appellant.
Everett P. Wheeler, for respondent.

LAUGHLIN, J.  Each of these actions is brought against the defendant as surety on a bond of indemnity given to the plaintiff by the Houston Oil Company as principal and the defendant as surety, conditioned for the payment of the actual damages sustained by the plaintiff, not exceeding the sum of $100, by a breach of the charter party executed between the plaintiff and said oil company as charterer of a steamship, which, according to the contract, was to be converted into an oil tank by the plaintiff within a specified time, and then delivered to the charterer.  The defendant set up as a separate defense that the terms of the contract with respect to the time given to the plaintiff for converting the steamer into an oil tank was changed by an agreement between the plaintiff and the oil company without the knowledge or consent of the surety.  The plaintiff, contending that the alteration of the contract by which the time for the commencement of the five-year charter period was postponed was immaterial and not prejudicial to the surety, and that the strict rule under which any change in a contract, even though immaterial, made without the consent of the surety, discharges him, was not applicable, demurred to the defense.  This court, however, overruled the demurrer.  104 App. Div. 347, 93 N. Y. Supp. 805.  The learned counsel for the plaintiff thereupon moved for leave to serve an amended complaint, alleging that the defendant was engaged in the business of executing such bonds and undertakings for hire, and that it executed the bond in question for a valuable consideration received by it therefor.  The amendment was allowed at Special Term.  The learned counsel for the surety company contends that the new allegations are immaterial and irrelevant, but that, notwithstanding, the order allowing the amendment constitutes an adjudication binding upon the trial court that the proof of the facts will be both material and relevant.  It is not claimed that the plaintiff has been guilty of laches in making the motion.  The question appears, therefore, to be presented in about the same light as if these allegations had been originally in the complaint, and a motion had been made to strike them out as irrelevant.  It cannot be said that they are irrelevant to the cause of action alleged in the complaint.  They certainly relate to no other cause of action, and relate directly to the making of the contract upon which the cause of action is founded.  It is not the province of the court, on a motion to strike out allegations on the ground that they are irrelevant, to decide whether the evidence would be material, or to decide as to the weight or effect to be given to it upon the trial.  It is manifest that without the amendment the plaintiff could not present the proposition of law which its learned counsel desires to raise in the trial court, and perhaps on an appeal of the case.

We refrain from expressing any opinion on the merits.  Assuming, however, without deciding, that there is merit in the point, it is evident

that, in the absence of an appropriate allegation, such as has been allowed by the amendment, the plaintiff would be met upon the trial by an objection that the evidence was not within the issues, and, not having laid the foundation in its pleading, it would be remediless. The allowance of the amendment is not an adjudication as to the materiality or effect of the evidence, and neither the action of the Special Term nor of this court constitutes a decision upon that point. No other point is made of the terms or conditions of the order.

It follows that the order in each case should be affirmed, with $10 costs and disbursements. All concur. ·

