the ground that they were invalid, and by reason thereof he ought to require security for costs.

Under such circumstances the plaintiff ought, in the discharge of his duty, to require Bostwick to indemnify him, so that, if he should be unsuccessful in the action and costs should be recovered against him, there would be something out of which the defendant could recover the same. It is true whether or not security shall be· given rests in the discretion of the Supreme Court (Code Civ. Proc. § 3271); but this discretion is lodged in the Appellate Division, just as much as it is in the Special Term, and on the facts here presented (which are not contradicted) to deny an application requiring security for costs is, in my opinion, an abuse of discretion.

Entertaining this view, I am of the opinion the order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.

---

(119 App. Div. 847)

## WASHINGTON LIFE INS. CO. v. SCOTT.

(Supreme Court, Appellate Division, First Department. June 7, 1907.)

**1.** PLEADING—ALLEGATIONS—SPECIFICNESS.

A pleading ought not to contain anything more than a statement of the facts which the party seeks to prove by evidence at the trial.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 38.]

**2.** SAME—AMENDMENT.

Under Code Civ. Proc. § 723, providing for the amendment of pleadings, the court should grant an application to amend so as to enable the party to raise every question affecting his interest involved in the litigation, unless something has taken place between the service of the original pleading and the application to amend which will prejudice the adverse party or unreasonably delay the trial if the amendment is allowed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 591.]

Clarke, J., dissenting.

Appeal from Special Term, New York County.

Action by the Washington Life Insurance Company against Blair T. Scott. From an order denying defendant's motion for permission to serve an amended answer, he appeals. Reversed. Motion granted.

See 103 N. Y. Supp. 929.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and LAMBERT, JJ.

Arnold L. Davis, for appellant.
Francis C. Caffey, for respondent.

McLAUGHLIN, J. This appeal is from an order denying defendant's motion for leave to serve an amended answer. The action is brought to recover a certain sum of money alleged to have been collected by the defendant while acting as the agent of the plaintiff. The answer interposed denied the material allegations of the complaint, and alleged, as a separate defense, the pendency in another jurisdiction of a prior action between the same parties, involving the same subject-matter. The action was commenced April 25, 1905, and issue joined

on the 29th of June following. The motion for leave to amend the answer, which resulted in the order appealed from, was entered on the 27th of March, 1907. The papers used upon the motion show that the defendant, when the action was commenced, retained local attorneys to appear for him, but that he retained as his chief counsel a Mr. Paxton, not only to try this case, but also the one pending in the other jurisdiction; that Mr. Paxton suddenly died in August, 1906; that after his death the local attorneys made a motion for leave to serve an amended and supplemental answer; that application was denied on the ground that there was no such pleading as an amended and supplemental answer. (Horowitz v. Goodman, 112 App. Div. 13, 98 N. Y. Supp. 53; Luckey v. Mockridge, 112 App. Div. 199, 98 N. Y. Supp. 335); that thereafter two motions were made, one for leave to serve an amended, and the other for leave to serve a supplemental answer; that both motions were denied, but leave was given to renew the one to serve an amended answer; that pursuant to the leave thus given a motion was made which resulted in the order appealed from. The motion was denied upon the ground, among others, that the allegations of waiver of the contract sued upon were too vague and indefinite to be entitled to any consideration. The allegations of waiver are not too vague or indefinite for a pleading. A pleading ought not to contain anything more than a statement of the facts which the party seeks to prove by evidence at the trial.

I am of the opinion, upon the papers presented, the defendant should have been permitted to serve an amended answer. The present attorneys, as soon as they were substituted, determined that an amendment was necessary in order to enable them to prove, upon the trial, that the contract sued upon had been waived, and they promptly appealed from the order denying the motion to amend. This court has heretofore stated (Muller v. City of Philadelphia, 113 App. Div. 92, 99 N. Y. Supp. 93) and again repeats, that as a general rule a party to an action "ought to be permitted to put his pleading in such shape as will enable him to raise and have determined at the trial every question affecting his interest involved in the subject-matter of the litigation." This is what section 723 of the Code of Civil Procedure clearly contemplates, because therein great power is conferred upon the court to amend a pleading, either upon the trial or at any other stage of the action, before or after judgment. The purpose of a trial is to do justice, and not to prevent it by invoking technical rules of pleading or practice. The power, therefore, which the court has to permit an amendment to a pleading ought to be freely exercised. A party, in the first instance, can put his pleading in such shape as he sees fit, and, when an application is made to amend, the court should grant it unless something has taken place, intermediate the service of the original pleading and the application to amend, which will work to the prejudice of the adverse party if the amendment be allowed, or that the trial will be delayed by reason of it. Here no suggestion is made that anything has taken place since the defendant's answer was served which will work to its prejudice if defendant be permitted to serve the proposed amended answer, and the service of an amended answer cannot delay the trial to any great extent.

The order appealed from, therefore, should be reversed and the motion granted, upon payment by defendant of all the plaintiff's taxable costs, and the case retain its place upon the calendar and its date of issue, and be tried without further delay when the same is reached, with $10 costs and disbursements of this appeal to the appellant.

PATTERSON, P. J., and INGRAHAM and LAMBERT, JJ., concur. CLARKE, J., dissents.