CALVERT v. THURSTON et al. (two cases).

(Supreme Court, Special Term, Niagara County. March, 1908.)

1. PLEADING—AMENDMENTS—RIGHT TO AMEND.
    While amendments will be liberally allowed to put a party's pleadings in shape to raise and have determined every question affecting his interest involved in litigation, he should not be permitted to amend, where by reason of his laches, misunderstanding of the rules of pleading, or for any other reason, it would place his opponent at an unfair disadvantage.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 591.]

2. SAME—WAIVER OF DEFENSES.
    At the time of bringing actions, plaintiff had no legal capacity to maintain them, as the causes of action were vested in a receiver, whose appointment was subsequently canceled. Defendant failed to plead the defense that plaintiff was not the real party in interest. *Held*, that the defense was waived, and plaintiff had a right to rely upon the waiver, and proceed to trial on the facts as they existed after the order appointing the receiver was canceled; and after his proofs had been taken, and he had rested, defendant should not be allowed to interpose the defense, which would, after the cancellation of the receiver's appointment, be a mere technical one, and not a bar to new actions by plaintiff.

Actions by Leonard Calvert against Charles E. Thurston and others. Motion for leave to serve amended answers. Motion granted as to plea of payment, and conditionally denied as to plea that plaintiff was not the real party in interest when the actions were begun.

David Tice, for the motion.
D. E. Brong, opposed.

POUND, J. A party to an action ought to be permitted to put his pleadings in such shape as will enable him to raise and have determined at the trial every question affecting his interest involved in the subject-matter of the litigation. The court is disposed to use its power to allow amendments with liberality. But a party should not be permitted, by laches, or from misunderstanding of the rules of pleading, or otherwise, to place his opponent at an unfair disadvantage. Washington Life Ins. Co. v. Scott, 119 App. Div. 847, 104 N. Y. Supp. 898.

According to the agreed statement of facts, plaintiff's proofs have been taken and plaintiff has rested in both cases. Plaintiff concedes

that at the time of the commencement of the actions he had no right to maintain same, as the causes of action were vested in a receiver of said plaintiff's property duly appointed in proceedings supplementary to execution. But in June, 1907, before the answer in action No. 2 was served, said receivership was discharged and the order appointing the receiver duly canceled. By failing to set up in the answers the defense that plaintiff was not the real party in interest, the defense was waived (Spooner v. D., L. & W. R. Co., 115 N. Y. 22, 21 N. E. 696), and plaintiff had a right to rely on such waiver and proceed to trial on the facts as they existed after the order appointing the receiver was canceled. To defeat him now, by permitting defendant to interpose this defense, would in my opinion result in placing plaintiff at an unfair disadvantage, in order to enable defendant to have the benefit of a purely technical defense, which would not be a bar to new actions brought by the plaintiff, and which, if duly interposed, might have prevented plaintiff from going to trial.

On an application of this kind, it must be remembered that the purpose of allowing an amendment is to do justice, and not to prevent it by permitting a party to invoke mere technicalities. Did the receivership still exist, I would grant the motion. Were it alleged that plaintiff is not now the owner of the cause of action, I would permit that fact to be pleaded. On the facts as they are stipulated, if I were to grant leave to amend, it would be only on condition that defendant pay plaintiff his taxable costs and disbursements, including referee's and stenographer's fees, in both cases, in case plaintiff elects to discontinue after amendment. But I deny the motion for leave to amend in this regard, on the ground that the allowance of the proposed amendment cannot at this time be said to be in furtherance of justice. No injustice can result from permitting defendant to interpose the plea of payment by service of an amended answer, and such amendment should be allowed on payment of $10 costs in each action.

Motion for leave to serve amended answer granted as to plea of payment, on payment of $10 in each action, and denied as to defense that plaintiff was not, when the action was begun, the owner of the causes of action set forth. But if it should appear, as was suggested on the argument of the motion, that evidence has not been taken, nor witnesses', referee's, or stenographer's fees incurred, in one of said actions, and that the stipulated facts are incorrect in this regard, then in that action the proposed amended answer may be served on payment of $10 costs, for the reason that the amendment would have been allowed, if this motion had been made before going to trial.