---

### MERRIHEW v. CARTER et al.

(Supreme Court, Appellate Division, Third Department. March. 6, 1912.)

EQUITY (§ 296*)—SUPPLEMENTAL COMPLAINT—PROPRIETY.

Where, pending an action by a judgment creditor to set aside a fraudulent conveyance, the judgment was set aside, and on a retrial judgment was again rendered for the plaintiff in the prior action, on which execution was again issued and returned unsatisfied, plaintiff in the equitable action could thereupon file a supplemental petition, setting up the subsequent proceedings in the action at law.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 584–586, 599; Dec. Dig § 296.*]

Appeal from Special Term, Clinton County.

Action by Claude C. Merrihew against Caroline F. Carter and others. From an order permitting plaintiff to serve a supplemental complaint, defendants appeal. Affirmed.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, and BETTS, JJ.

Thomas B. Cotter, for appellants.
S. S. Allen, for respondent.

HOUGHTON, J. The plaintiff obtained a judgment against defendant Parrott, and issued execution, which was returned unsatisfied, whereupon the present action was brought, in the nature of a creditors' bill, to set aside a conveyance of land made by her to appellant Kingsbury, and by him transferred to the other defendants, in alleged fraud of the plaintiff's rights. Thereafter the judgment obtained against Parrott was set aside and the cause retried, resulting in an-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

other judgment for a similar amount, except for increased interest. The plaintiff issued an execution upon this latter judgment, which was returned unsatisfied, and then moved to be allowed to file a supplemental complaint, alleging the recovery of the second judgment and the issuance and return of execution unsatisfied thereon. From the order giving him permission so to do, the defendants appeal, and assert that, the action having in effect abated, because the first judgment upon which it was founded was set aside, the court had no power to allow a supplemental pleading setting forth the recovery and issuance of execution on a judgment obtained since the action was begun, which alone could give the action any life.

If the action were one at law, it would have been improper to allow a supplemental pleading setting forth acts subsequent to the commencement of the action for which an independent action might have been brought. Park & Sons Co. v. Hubbard, 198 N. Y. 136, 91 N. E. 261. The action, however, is in equity, where full relief may be given up to the time of trial. In equitable actions, at least, the rule is that the courts have power to direct an amendment of a complaint, although it changes the cause of action and substitutes another belonging to a different class, where the result sought to be reached is the same as set forth in the original pleading. Deyo v. Morss, 144 N. Y. 216, 39 N. E. 81; Truman v. Lester, 71 App. Div. 612, 75 N. Y. Supp. 548. Applications to amend pleadings and to serve supplemental ones, where no injustice can result or unconscionable delay follow, are treated liberally by the courts, to the end that litigants may have opportunity to raise and have determined at the trial such questions affecting their interests as they may desire. Washington Life Ins. Co. v. Scott, 119 App. Div. 847, 104 N. Y. Supp. 898. Nor will such applications be denied on the theory that a cause of action is not stated in the original pleading, not only because the amendment may cure that defect, but because the pleading should not be tested on such a motion. Brewster v. Brewster Co., 138 App. Div. 139, 122 N. Y. Supp. 1019.

Almost the identical question presented arose in Winslow v. Pitkin, 1 Barb. Ch. 402, where the creditor obtained two judgments for the same debt and instituted two creditors' bills. The court held that the two actions could not be maintained, and that the proper practice was for the plaintiff in his first creditors' bill to set forth by supplemental plea the obtaining of the second judgment. No good could come to the defendants from the plaintiff discontinuing his first action and bringing another of the same kind on the second judgment, and no harm can come to them by permitting the plaintiff to plead the obtaining of the second judgment as the basis of his right of recovery.

Under the circumstances, the terms imposed by the learned Special Term were adequate, and should not be disturbed. It follows that the order must be affirmed, with $10 costs and disbursements. All concur.