(164 App. Div. 110)

MILLIKEN v. McGARRAH et al.　(No. 6180.)

(Supreme Court, Appellate Division, First Department. October 23, 1914.)

1. PLEADING (§ 279*)—AMENDMENT—SUPPLEMENTAL COMPLAINT.
　　Facts which occurred after the service of the original complaint are properly omitted from an amended complaint, and may be thereafter set up in a supplemental complaint, under Code Civ. Proc. § 544, allowing the filing of a supplemental pleading to allege facts which occurred after the former pleading.
　　[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 836–841; Dec. Dig. § 279.*]

2. PLEADING (§ 276*) — AMENDMENT — SUPPLEMENTAL PLEADING — GRANT OF LEAVE.
　　Applications for leave to serve an amended or supplemental pleading, where the other party cannot be injured thereby, are granted almost as a matter of course.
　　[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 833, 835; Dec. Dig. § 276.*]

Appeal from Special Term, New York County.

Action by Foster Milliken against Gates W. McGarrah and others. From an order denying plaintiff's motion for leave to serve a supplemental complaint, plaintiff appeals. Order reversed, and motion granted.

See, also, 159 App. Div. 725, 144 N. Y. Supp. 964.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Martin Conboy, of New York City, for appellant.

Adrian H. Larkin and Louis F. Doyle, both of New York City, for respondents.

McLAUGHLIN, J. This appeal is from an order denying a motion for leave to serve a supplemental complaint. Action to recover $4,500,-000 damages alleged to have been sustained by plaintiff through the unlawful conduct of defendants. Issue was joined on the 9th of May, 1914, and on the 27th of the same month plaintiff made a motion for leave to serve a supplemental complaint, alleging certain facts which it is claimed occurred since the service of the answer. The motion was

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

denied, as appears from a memorandum of the learned justice before whom it was made, on the ground that plaintiff had failed to bring himself within the provisions of ·Code of Civil Procedure, § 544, which required him to show that the facts sought to be set out in a supplemental complaint occurred after the former pleading had been served, or he was ignorant of them when it was made.

[1] I am of the opinion that this is too narrow a view to take of the proof which the plaintiff presented on the motion. Facts arising after the commencement of an action may properly be set up ·in a supplemental pleading. The difference between an amended and a supplemental pleading is pointed out in Horowitz v. Goodman, 112 App. Div. 13, 98 N. Y. Supp. 53. The plaintiff could not properly set out in an amended pleading the facts which he here desires to plead. That could only be done by a supplemental complaint. The plaintiff, therefore, properly amended his pleading, and omitted therefrom facts which had occurred subsequent to the time that the original complaint was served, and after the amended pleading had been served, set up the other facts in a supplemental complaint.

[2] Applications for leave to serve an amended or supplemental pleading, where the other party cannot be injured thereby, are granted almost as a matter of course, to the end that the parties to the litigation may have an opportunity to raise and have determined such questions as they may think affect their respective interests. Merrihew v. Kingsbury, 150 App. Div. 40, 134 N. Y. Supp. 452.

The order appealed from, therefore, is reversed, with $10 costs and disbursements, and the motion for leave to serve a supplemental complaint granted, with $10 costs.· All concur.