GEORGE P. BRECKENRIDGE, Appellant, *v.* MELBERT B. CARY and ADELE LeC. ADAMS, as Administratrix, etc., of JOHN H. MILLER, Deceased, Respondents.

First Department, February 4, 1921.

Equity — accounting between members of law firm — right to accounting as to funds paid to firm conditionally and held by one member in trust to await happening of condition — right of plaintiff to judgment where condition happened after action commenced — costs as discretionary.

A member of a dissolved law partnership may maintain a suit to compel an accounting for moneys received by the firm as fees conditionally on the happening of a future event, where said moneys were given to one of the

members of the firm, with the consent of the others, to be held in trust for the firm, to await the happening of the condition, and by him deposited in his personal account and to a certain extent squandered by him, though at the time of the commencement of the suit the condition had not happened which would give the firm the absolute title to the moneys.

Said condition having been fulfilled before the trial of the suit it was error for the court to dismiss the complaint, since the action being in equity, the judgment should be based on conditions existing at the time of its rendition.

In equitable actions costs are always in the discretion of the court, and the court properly might refuse the plaintiff costs because of the fact that the plaintiff's claim to share in the said moneys had not ripened at the time the action was commenced.

APPEAL by the plaintiff, George P. Breckenridge, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 16th day of July, 1920, upon the decision of the court rendered after a trial at the New York Special Term.

*George P. Breckenridge,* in person.

*Frank J. McEwen* of counsel [*Cary, Miller & McEwen,* attorneys], for the respondents.

MERRELL, J. :

This action is in equity for an accounting between copartners.

On or about April 30, 1916, the plaintiff, the defendant Melbert B. Cary, and one John H. Miller, since deceased, all attorneys and counselors at law, practicing their profession in the city and county of New York and elsewhere, entered into a copartnership for the practice of law under the firm name and style of Cary, Miller & Breckenridge. Pursuant to such partnership agreement the plaintiff was entitled to one-third of any fees received by said firm in any matters in which he assisted either or both of his copartners. Said copartnership continued until May 1, 1917, when the same was dissolved by mutual consent.

In March, 1917, said firm represented one McAlpin in the prosecution of a claim against the Matanzas Blaugas Company of Cuba for moneys loaned to the amount of $4,500. On or about March 6, 1917, the said firm received of McAlpin certain

moneys amounting to over $1,500, and it was thereafter agreed that $1,000 thereof should be retained by the said firm as its fee to reimburse it for expenses and services in connection with the prosecution of said McAlpin claim, but that said moneys should not belong to said firm until certain bonds of the said Blaugas Company were delivered to McAlpin in payment of his said claim for moneys loaned. The $1,000 which said law firm was to receive in payment for its expenses and services in connection with said matter were deposited by the defendant Cary to the credit of his personal account in the Empire Trust Company on or about the date of the receipt thereof by said firm. Such deposit was made with the consent of all three members of the firm including the plaintiff, and upon the understanding that the defendant Cary should hold the same in trust for himself and his copartners until the delivery of said bonds of the Blaugas Company to McAlpin, when the firm should be entitled to use and appropriate said moneys. The evidence shows that the defendant Cary failed to keep said balance thus deposited to the credit of his personal account intact, and that, with the exception of one or two months succeeding said transaction, his personal account in said trust company was much less than the amount of the trust fund thus held by him, his balance in said trust company at the end of April, 1917, being less than $300. McAlpin died before the consummation of the settlement of his claim by the delivery of the bonds. This action was commenced by the plaintiff for an accounting prior to the delivery of said bonds. Prior to the commencement of this action John H. Miller, one of said copartners, died, and the plaintiff joined the administratrix of his deceased partner with the defendant Cary as defendants herein. Evidence was given upon the trial that on the very day when the trial commenced the Blaugas bonds were delivered to the personal representatives of McAlpin, and thereupon the plaintiff became entitled to share in the proceeds of the $1,000 held by the defendant Cary in trust. The evidence also disclosed that prior to the commencement of the action the plaintiff had received by way of advancements upon his share in said $1,000 held in trust by the defendant Cary the sum of $135.55, and it, therefore, appeared that at the time of the trial, the said copartnership being then entitled

to appropriate said moneys held in trust by the defendant Cary, the plaintiff was entitled to one-third of said moneys, less the advancements to him, leaving $197.78 his due. At the close of the evidence the court held that the plaintiff was entitled to judgment against the defendants for said balance his due, but without costs, and directed that a decree be submitted accordingly. Notwithstanding the announcement of the learned court at the close of the evidence, the court thereafter made a decision awarding defendants judgment dismissing the plaintiff's complaint, with costs, and judgment was directed accordingly. The justice presiding handed down a brief memorandum accompanying such decision to the effect that at the commencement of the action the money in suit had not been earned, and hence that the plaintiff had no cause of action; that the defendants were within their rights in refusing plaintiff's demands, and that since the suit was based on such refusal, plaintiff's action must fail. In the opinion of the court the fact that plaintiff's immature claim had subsequently ripened could not avail the plaintiff in this action, and that should the defendants, at the time of the decision, refuse a similar demand by plaintiff, plaintiff would then have a cause of action; that defendants expressed their willingness and readiness to pay the amount then concededly due plaintiff. Upon such grounds the court dismissed the plaintiff's complaint.

I think the court clearly erred in thus disposing of the case. It seems to me entirely clear that the plaintiff, who was concededly interested in the $1,000, had a right of action at the time of the commencement of this action, to have determined his interest in said fund. It is always the right of one copartner to demand of the other members of his firm an accounting as to matters in which they are jointly interested. Even though plaintiff's claim to his share in the moneys held in trust by the defendant Cary had not ripened at the time of the commencement of the action, nevertheless, the evidence showing that the defendant Cary had deposited these moneys to his personal account, had checked therefrom and depleted said account, practically wiping out any balance in the trust company in which said moneys were deposited to his credit, amply justifies plaintiff's demand for an accounting by his former copartners.

Moreover, this action being in equity, the judgment of the court should properly be based upon conditions existing at the time of the rendition of the judgment, and courts of equity uniformly base their judgments accordingly. Concededly, at the time of the rendition of the judgment herein, the $1,000 had been earned by plaintiff's said firm, and plaintiff was then concededly entitled to share therein. It would be an idle and useless ceremony to compel the plaintiff to bring a new action to obtain rights which had clearly ripened prior to the rendition of judgment. In equitable actions, costs are always in the discretion of the court, and the court properly might refuse the plaintiff costs as is stated at the close of the evidence in this case because of the fact that plaintiff's claim to share in the said moneys had not ripened at the time the action was commenced, but I do not think the court was justified in refusing the plaintiff relief to which he was clearly entitled prior to the decree herein. (*Milliken* v. *McGarrah*, 164 App. Div. 110.) Were plaintiff's action at law, the dismissal of the complaint would have been entirely proper, but in equitable actions, such as this, the plaintiff should receive whatever relief was his due at the time of the trial. (*Merrihew* v. *Kingsbury*, 150 App. Div. 40.)

The findings of fact contained in the decision of the court herein inconsistent with the views here expressed should be disapproved, and the judgment of the court below should be reversed, and plaintiff, upon appropriate findings of fact and conclusions of law, should have judgment against the defendants for the relief demanded in the complaint, without costs.

CLARKE, P. J., LAUGHLIN, DOWLING and GREENBAUM, JJ., concur.

Judgment reversed and judgment ordered for plaintiff for the relief demanded in the complaint, without costs. Settle order on notice.