ADOLPH WAPPLER, Plaintiff, *v.* WOODBURY COMPANY, Defendant.*

Supreme Court, New York County, March 27, 1925.

Corporation — judgment creditor's action to sequester assets of corporation pursuant to General Corporation Law, § 100 — plaintiff began action before right under assignment by his assignor completely accrued — right under assignment had accrued at time of trial — court having jurisdiction at time of trial warranted in giving plaintiff judgment.

In a judgment creditor's action to sequester the assets of the defendant corporation pursuant to section 100 of the General Corporation Law, the plaintiff is entitled to judgment notwithstanding the fact that he began his action before the right under the assignment by his assignor had completely accrued, since the right having become absolute at the time of the trial, the court had jurisdiction of the issues involved; this being an action in equity, the rights of the parties must be determined as of the time of trial.

JUDGMENT creditor's action to sequester assets of defendant corporation pursuant to section 100 of the General Corporation Law.

*Winter & Winter* [*Keyes Winter* and *John C. Pemberton* of counsel], for the plaintiff.

*Felder, McCrossin & Chorosh* [*William H. Chorosh* and *Benjamin Shepiro* of counsel], for the defendant.

LEVY, J. After the termination of this trial the court was advised that the cause was settled, and it was requested, therefore, not to hand down a decision. Some considerable time thereafter, however, it was informed that the settlement was not actually effected. This in large measure accounts for the delay in determining the issue. This is a judgment creditor's action, brought by the plaintiff to sequester the assets of the defendant corporation pursuant to section 100 of the General Corporation Law. The facts, briefly stated and necessary to the determination, are these:

One Buggeln assigned to the plaintiff a judgment he held against the Woodbury Company, the defendant. Prior thereto Buggeln sold the identical judgment to William A. Woodbury, conditioned upon the payment by the latter or his assignee of the sum of $5,500 to the former on or before the 23d day of January, 1924.

---

* Affd., 218 App. Div. 754. See, also, 206 id. 452.

Woodbury did not perform that condition, and on the specified date lost whatever equities he had in the judgment. This action was instituted before the right under the assignment by Buggeln to plaintiff completely accrued to the latter, but at the time of the trial this had become absolute.

Defendant's chief contention is that plaintiff's right did not accrue when the action was instituted, and that, therefore, the court at present is without jurisdiction to grant him any relief, and that plaintiff must start his action anew. Were this an action at law, there would be force to the argument thus advanced; however, the action being in equity, the rights of the parties are determined as of the time of trial. (*Breckenridge* v. *Cary*, 195 App. Div. 156, 160.) In that case the Appellate Division, in language peculiarly applicable here, said: " Moreover, this action being in equity, the judgment of the court should properly be based upon conditions existing at the time of the rendition of the judgment, and courts of equity uniformly base their judgments accordingly. Concededly, at the time of the rendition of the judgment herein, the $1,000 had been earned by plaintiff's said firm, and plaintiff was then concededly entitled to share therein. It would be an idle and useless ceremony to compel the plaintiff to bring a new action to obtain rights which had clearly ripened prior to the rendition of judgment. * * * Were plaintiff's action at law, the dismissal of the complaint would have been entirely proper, but in equitable actions, such as this, the plaintiff should receive whatever relief was his due at the time of the trial. (*Merrihew* v. *Kingsbury*, 150 App. Div. 40.) "

The court having jurisdiction at the time of the trial and the determination of the issue, the decision must be based upon the facts as they then existed. Accordingly the decree is awarded to the plaintiff. Submit findings within five days.