CHARLES BOHL, Plaintiff, *v.* AMERICAN EXPORT LINES, INC., et al., Defendants.

Supreme Court, Special Term, Kings County, January 26, 1954.

*Abraham M. Fisch* for plaintiff.

*Galli & Locker* for defendants.

BRENNER, J. Plaintiff having died pending suit for personal injuries, his wife seeks to amend the complaint to substitute herself as administratrix in the place of the plaintiff and to additionally plead a cause for wrongful death. The plaintiff was over eighty years of age when he was injured on February 2, 1953. He died on August 22, 1953.

The defendants' opposition to the amended pleading is confined to the attempt to set up a cause for wrongful death. They protest that the court should not, in the exercise of its discre-

tion, allow the pleading to be thus enlarged since there is no proof that the death relates to the original injury. They claim further that the only proof of causal connection submitted is that contained in the affidavit of the attorney for the plaintiff who merely relies on the statement of the wife that her husband's injuries contributed to his death. It is urged that, lacking proof to the contrary, this elderly man " may have died from natural causes."

In effect then, the defendants make the point that on motion addressed to the court's discretion, a pleading may not be enlarged to include a cause for wrongful death in the absence of medical proof showing causal connection. In this they are supported by cases decided in this very court (*Del Gaudio* v. *Dyno-Motor Installation Co.*, N. Y. L. J., March 9, 1953, p. 777, col. 1; *La Placa* v. *B. L. & C. Corp.*, N. Y. L. J., June 19, 1952, p. 2436, col. 3).

There can of course be no question of the court's discretion to permit amendment of a pleading to encompass all questions sought to be litigated and determined (*Washington Life Ins. Co.* v. *Scott*, 119 App. Div. 847) particularly where, as here, no problem of delay is presented which needs to be excused or satisfactorily explained. And, unless the proposed pleading is palpably deficient, its close examination need not be made or its merits passed upon. (*Bendan Holding Corp.* v. *Rodner*, 245 App. Div. 723.) Nor does such amendment affect ultimate adjudication of the proposed cause newly pleaded. (*Michigan S. S. Co.* v. *American Bonding Co.*, 109 App. Div. 55.)

We return then to the original and only remaining problem posed by the defendants. Is there need for medical proof as a condition precedent to the exercise of discretion, in the case of an elderly decedent, for enlarging a pleading to include wrongful death? No such condition precedent exists where an original action upon such cause is commenced. Suppose the wife had chosen to commence suit for wrongful death independently of the present action, would not her complaint be upheld without such medical proof? And if so upheld might she not then successfully move to consolidate that action with the pending action? The answer to both of these queries must be " yes." It follows, then, that the court's discretion may be exercised in favor of the movant where the motion is timely made in the case of an elderly decedent and where it is sought to include in the litigation what the plaintiff would have the right to plead in the first instance had no action been pending at all.

In a case where it is apparent that the proposed amendment lacks merit, leave to amend should, of course, be denied. (*Hanna v. Mitchell,* 202 App. Div. 504, affd. 235 N. Y. 534.) And, I am in agreement with my colleagues that it should similarly be denied, lacking medical proof, where the decedent is not aged.

However, advanced age of itself often gives rise to the reasonable inference that conscious pain and suffering from serious injuries may accelerate or cause death to such elderly person through greater and more demanding activity of his vital organs. Indeed, a medical affidavit may shed no light at all since doctors often concede inability to ascribe a definite cause for the death of a previously injured aged person. Thus, the matter must ultimately be left for determination by a jury in any event. (*Dunham v. Village of Canisteo,* 303 N. Y. 498.) In the circumstances no medical proof is here required for the proper exercise of the court's discretion. Motion is in all respects granted. Settle order on notice.